## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DAKOTA CLAY AHLGRIM,

     Plaintiff,

     v.                                 No. CIV 12-1017 WJ/WDS

LEONARD MANZANARES,
GREGG MARCANTEL,
INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Also before the Court is Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8). Plaintiff is incarcerated, appears pro se, and has been granted leave to proceed in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint presents three claims, one for violation of Plaintiff's due process rights, one for double jeopardy, and one for negligence.  The claims arise from prison officials' punishment of Plaintiff for certain letters that he wrote.  Plaintiff alleges that Defendant Manzanares deprived him of unspecified personal property and privileges without any pre- or post-deprivation process.  Plaintiff was then subjected to disciplinary proceedings and given additional punishment for the same actions.  His negligence claim is based on the allegation that the New Mexico Secretary of Corrections, Defendant Marcantel, "signs off and permits these policies and procedures."

No relief is available on Plaintiff's double jeopardy and negligence claims.  First, "[a]s to double jeopardy, it is well established that prison disciplinary sanctions do not implicate that Fifth Amendment right."  *Wirsching v. State of Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004) (citing *Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir. 1994)).  And second, allegations of negligence against a superior officer or supervisor do not support claims under § 1983.  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  "We have said that a plaintiff cannot establish liability under § 1983 merely by showing that the defendant was in charge of others who may have committed a constitutional violation.  Instead, the plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.' "  *Phillips v. Tiona*, No. 12-1055, 2013 WL 239891, at *6 (10th Cir. Jan. 23, 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)).  The Court will dismiss Plaintiff's claims in Counts I and II of the complaint.

Nor do Plaintiff's allegations against Defendant Manzanares in his official capacity support a claim for relief in a § 1983 action.  "The Eleventh Amendment bars suits in federal court against states, and against state officers in their official capacities for money damages.  Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are 'persons' within the meaning of 42 U.S.C. § 1983."  *Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).  The Court will dismiss Plaintiff's claim against Defendant Manzanares in his official capacity.

IT IS THEREFORE ORDERED that Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8) is DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's double jeopardy and negligence claims in Counts I and II of the complaint are DISMISSED, Defendant Marcantel is DISMISSED as a party to this action, and Plaintiff's claim against Defendant Manzanares in his official capacity is DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Manzanares on Plaintiff's due process claim in Count I.

_____
UNITED STATES DISTRICT JUDGE