## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DAKOTA CLAY AHLGRIM,

      Plaintiff,

      v.                           No. CIV 12-1017 WPJ/CEG

LEONARD MANZANARES, in his
individual capacity,

      Defendant.


## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on April 28, 2014. (Doc. 36). In the PFRD, United States Magistrate Judge Carmen E. Garza recommended that Plaintiff Dakota Clay Ahlgrim's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* ("Complaint"), (Doc. 1), be dismissed without prejudice because he has not properly exhausted his due process claim.

Neither Plaintiff nor Defendant Leonard Manzanares filed objections to the PFRD, and the deadline of May 15, 2014 has passed. However, Plaintiff filed a second *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* ("Motion to Amend Complaint") on May 7, 2014 in response to the PFRD.[1] (Doc. 37). Defendant did not file a response to Plaintiff's Motion to Amend Complaint. After a *de novo* review of the record and the PFRD, this Court adopts Judge Garza's *Proposed Findings and Recommended Disposition* in its entirety.

## I.    Background

Plaintiff asserts civil rights claims against Defendant based on a disciplinary incident that

---

1 Petitioner is a *pro se* litigant. His pleadings must be construed liberally and held to a less stringent standard than is required of a party represented by counsel because it is in the interest of justice to do so. *See Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

occurred on July 11, 2012. Between May and July 2012, Plaintiff wrote and mailed various letters to Judge Sandra Price, the state district judge that presided over the criminal proceedings that resulted in his incarceration in the Penitentiary of New Mexico ("PNM"). (Doc. 1 at 3; Doc. 30-6 at 20–38). Defendant, as Plaintiff's Housing Unit Manager at PNM, punished Plaintiff for writing the letters by regressing his disciplinary segregation level from Step 2 to Step 1, resulting in the automatic forfeiture of certain personal property, privileges, recreation time, and good time credits. (Doc. 1 at 2–3; Doc. 30 at 2). Plaintiff also alleges that approximately two days later, he was punished by Defendant for writing a letter to his caseworker, which Defendant deemed to constitute sexual harassment. (Doc. 30 at 3). Plaintiff was allegedly deprived of two days of recreation time for writing the letter to the caseworker. (Doc. 1 at 3).

The record shows that after Defendant initially disciplined Plaintiff, the New Mexico Corrections Department ("NMCD") proceeded against Plaintiff in a "major level" disciplinary hearing to address the letters that Plaintiff wrote to Judge Price. The hearing was held before Michelle Boyer, an Inmate Grievance Officer at PNM, on July 24, 2012. (Doc. 30-6 at 9–11). On August 16, 2012, Plaintiff was found guilty of two major-level misconduct violations, and sanctioned with continued confinement in disciplinary segregation for 210 additional days, and the loss of all of his good time credit. (Doc. 30-6 at 8–11). Plaintiff appealed the disciplinary decision to James Lopez, the Warden of PNM at that time, on the bases that he had not received a fair hearing, he was factually innocent of any wrongdoing, and his punishment was excessive because Defendant had already disciplined him by regressing his disciplinary classification. (Doc. 30-6 at 4–7). His appeal was denied by the Mr. Lopez on August 31, 2012. (Doc. 30-6 at 3).

Plaintiff claims that his Fourteenth Amendment due process rights were violated when Defendant deprived him of "clothing, bedding, religious, and legal materials, personal property,

recreation, privileges, and good time credits," prior to being afforded a "fair hearing" through the prison's disciplinary hearing process. (Doc. 1 at 2, 3). Plaintiff also alleges that Defendant utilized prison policies and procedures to bypass due process requirements, because decisions made pursuant to prison policies and procedures are "inevitable and not appealable." (Doc. 1 at 2). Plaintiff seeks a declaratory judgment, punitive damages, court costs, an injunction, and release to a Level 3, 2, or 1 prison facility as relief. (Doc. 1 at 5).

This Court referred this matter to Judge Garza to conduct analysis, and to make findings of fact and a recommended disposition. (Doc. 35). Judge Garza concluded that Plaintiff failed to properly exhaust his administrative remedies pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, because he failed to follow the NMCD grievance procedure before seeking judicial relief. (Doc. 30 at 5). The PLRA requires an inmate to exhaust all available administrative remedies before filing a lawsuit related to prison conditions. 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and unexhausted claims cannot be successfully asserted in federal court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). To properly exhaust administrative remedies an inmate must comply with "the administrative review process in accordance with the applicable procedural rules," including deadlines, as defined by the prison grievance process. *Id.* at 218.

Plaintiff stated in the Complaint that he exhausted all of his administrative remedies. (Doc. 1 at 5). Judge Garza reviewed the NMCD's grievance procedure and the other evidence that Defendant submitted with the *Martinez* Report, and determined that Plaintiff did not exhaust his remedies.

Plaintiff responded that the NMCD's grievance procedure was inapplicable to this case because the exclusive administrative remedy against Defendant was through the disciplinary hearing and subsequent appellate process. (Doc. 33 at 1). Judge Garza noted that the sole issue

Plaintiff presented to this Court is whether Defendant violated Plaintiff's due process rights by depriving him of his personal property and privileges without the benefit of a disciplinary hearing. Judge Garza concluded that the disciplinary proceeding was an adjudication of Plaintiff's guilt concerning the alleged major-level misconduct, and that the hearing officer did not consider the prison's policy regarding pre-hearing deprivation of personal property and privileges of inmates in disciplinary segregation. Judge Garza found that Plaintiff did not properly exhaust his due process claim by appealing the disciplinary decision.

Plaintiff also argued that the NMCD's grievance policy narrowly excluded the confiscation of property from being a grievable matter. Judge Garza interpreted the grievance policy broadly, to encompass inmate complaints of the prison's policies, rules, and procedures as to decisions regarding property, whether it be lost, damaged, or confiscated. Thus, she concluded that Plaintiff could have utilized the NMCD's grievance procedure to complain about his pre-hearing property and privilege deprivation. (Doc. 36 at 3).

Last, Judge Garza determined that Plaintiff failed to exhaust his administrative remedies as to his allegation that Defendant improperly deprived Plaintiff of two recreation days for writing an inappropriate letter to his caseworker. Defendant provided evidence that Plaintiff had not filed grievances regarding that claim, and Plaintiff did not respond with any arguments or evidence to the contrary. Therefore, she found that Plaintiff also failed to exhaust his administrative remedies regarding the taking of his recreation time.

Judge Garza concluded that the claims in the Complaint are not properly exhausted, and recommended that the Petition be dismissed without prejudice.

**II.       Plaintiff's Motion to Amend Complaint**

After a magistrate judge files her recommended disposition, a party may serve and file

specific written objections to the proposed findings and recommendations. FED. R. CIV. P.

72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's

attention on the factual and legal issues that are truly in dispute ." *United States v. One Parcel of*

*Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

In lieu of asserting any objections to the PFRD, Plaintiff filed the Motion to Amend

Complaint. Plaintiff explains that his intention is to re-file his civil rights complaint in "*Ahlgrim v.*

*Manzanares*, Civ. 12-1017 WPJ/CEG," even though the pleading would eliminate Defendant from

the lawsuit. (Doc. 37 at 6). The Court construes Plaintiff's filing as a request for leave to amend the

Complaint pursuant to FED. R. CIV. P. 15(a), because it is in the interest of justice to do so.

Plaintiff now seeks to file a civil rights action against Ms. Boyer and Mr. Lopez only,

because he has purportedly exhausted his administrative remedies against them. (Doc. 37 at 7). He

alleges that Ms. Boyer and Mr. Lopez violated his due process rights by: (i) failing to provide him

with a fair and impartial decision-maker at the disciplinary hearing; (ii) maliciously prosecuting

him for major misconduct despite his innocence; and (iii) permitting him to be punished in a

disciplinary proceeding rife with procedural errors and policy violations. (Doc. 37 at 3, 4). He also

claims that his punishment by Ms. Boyer and Mr. Lopez runs afoul of the Eighth Amendment

prohibition against cruel and unusual punishment. (Doc. 37 at 3).

Although Rule 15(a) provides that leave to amend "shall be freely given when justice so

requires," it still remains within the sound discretion of the Court to grant such relief. *Centra, Inc.*

*v. Chandler Ins. Co.*, Nos. 98-6134, 98-6145, 98-6164 & 98-6166, 2000 U.S. App. LEXIS 22609,

at \*36 (10th Cir. 2000) (unpublished). Refusing leave to amend is generally justified only upon a

showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

If delay is unduly excessive, the Court may deny leave based on that factor alone. *See Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799–800 (10th Cir. 1998). The Tenth Circuit has cautioned that with "the passage of time . . . a point is reached when the party seeking to amend must justify that request by more than invocation of the concept of Fed.R.Civ.P. 15(a)'s liberality." *Centra, Inc.*, 2000 U.S. App. LEXIS 22609 at *37 (quoting *Te-Moak Bands of W. Shoshone Indians v. United States*, 948 F.2d 1258, 1263 (Fed. Cir. 1991)). Over one and a half years have passed between the date that Plaintiff filed his Complaint and his request to amend the Complaint. The Court finds that the lapse of one and a half years amounts to a delay that is unduly excessive.

Denial of leave to amend for the sole reason of undue delay is only appropriate "when the party filing the motion has no adequate explanation for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993). Such motions may be decided on the basis for the reasons given for the delay. *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). If a movant was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend, then a court may properly deny the movant's request to amend the pleading because he does not demonstrate excusable neglect. *Id*.

Plaintiff explains that "after filing the first complaint close to the dismissal" he discovered that he did not exhaust his administrative remedies against Plaintiff, but that he had exhausted his remedies against Ms. Boyer and Mr. Lopez. (Doc. 37 at 7). The Court finds that Plaintiff's sole reason for his undue delay does not constitute excusable neglect. This is not a case of new

6

allegations coming to light after the submission of the *Martinez* Report or of previously unearthed

evidence surfacing. *See Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 391 (1st Cir. 2013).

Plaintiff had direct knowledge of the administrative remedies he had or had not pursued against

Defendant, Ms. Boyer, and Mr. Lopez, before filing the Complaint. The Court finds no

impediment that would have prevented Plaintiff from asserting those claims and theories against

Ms. Boyer and Mr. Lopez previously.

The Motion to Amend Complaint also introduces a pleading that differs substantially from

the Complaint. The issue Plaintiff has presented to the Court is whether Defendant unilaterally

violated Plaintiff's due process rights by depriving him of his personal property and privileges

without the benefit of a disciplinary hearing. The claims against Ms. Boyer and Mr. Lopez,

however, implicate the fairness of the disciplinary hearing that followed, his actual innocence, and

the constitutionality of Plaintiff's punishment by Ms. Boyer and Mr. Lopez. Judge Garza correctly

noted in the PFRD that an argument related to the amount of punishment imposed by the Warden

and the hearing officer is not relevant to the due process claim presented in the Complaint.

During the three months that Defendant's dismissal motion was pending, Plaintiff never

sought leave to amend his Complaint but instead stood by its sufficiency. Only after Judge Garza

made a recommendation adverse to Plaintiff did he ask to supplant all of the claims, theories, and

defendants in the Complaint. The Court should deny a motion to amend when it appears that the

plaintiff is using Rule 15 to make the complaint "'a moving target,' . . . to 'salvage a lost case by

untimely suggestion of new theories of recovery,'. . . [or] to 'present theories seriatim' in an effort

to avoid dismissal." *Minter*, 451 F.3d at 1206 (quoting *Viernow*, 157 F.3d at 800, *Hayes v.*

*Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001), and *Pallottino v. City of Rio Rancho*, 31 F.3d

1023, 1027 (10th Cir. 1994)). Further, "Plaintiff is not entitled to a second bite of the apple" so as

to dispute Judge Garza's findings regarding his failure to properly exhaust by amending his Complaint "at this late date." C*albart v. Sauer*, 2012 U.S. Dist. LEXIS 51302, at *1 (D. Colo. 2012).

Given these considerations, this Court will deny Plaintiff's request for leave to amend his Complaint. Should he wish to pursue a civil action against Ms. Boyer and Mr. Lopez, he should do so by filing a new civil action. The Court does not reach the issue of whether such an action is futile, barred by any statute of limitations, or otherwise procedurally defaulted.

## III.    Conclusion

The Court finds that Plaintiff has not objected to any portion of Judge Garza's PFRD or pointed out any factual or legal errors in Judge Garza's analysis of the claims in the Complaint. The Court also finds that Judge Garza conducted the proper analysis of 42 U.S.C. § 1997e(a), and correctly concluded that all of Plaintiff's claims should be dismissed without prejudice as unexhausted. The Court will also deny Plaintiff's request for leave to file an amended complaint.

**IT IS HEREBY ORDERED** that, for all of the foregoing, Judge Garza's *Proposed Findings and Recommended Disposition* be **ADOPTED**.

**IT IS FURTHER ORDERED** that the Dakota Clay Ahlgrim's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*, (Doc. 1), be **DISMISSED WITHOUT PREJUDICE**, and the Motion to Amend Complaint be **DENIED**.

**IT IS SO ORDERED**.

_____
United States District Judge